UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority      _____
Send          _____
Enter         _____
Closed        _____
JS-5/JS-6     _____
Scan Only     _____

| | |
|---|---|
| CASE NO.: <u>CV 18-03736 SJO (AS)</u> | DATE: <u>June 29, 2018</u> |
| TITLE: <u>Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC.</u> | |

======================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz          Not Present
Courtroom Clerk           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present               Not Present

======================================================================

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFFS' MOTION TO REMAND** [Docket No. 14]

This matter is before the Court on Plaintiffs Angel Omar Alvarez, Alberto Rivera, Fernando Ramirez, Juan Romero, and Jose Paz's (collectively "Plaintiffs") Motion for Order Remanding Action ("Motion") filed on June 5, 2018. Defendants XPO Logistics Cartage, LLC. and XPO Cartage, Inc. (together "XPO") and Defendant Jeffrey Trauner ("Trauner") (collectively "Defendants") filed an opposition ("Opposition") on June 11, 2018, to which Plaintiffs replied ("Reply") on June 18, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 2, 2018. *See* Fed R. Civ P. 78(b). For the following reasons, the Court **DENIES** Plaintiffs' Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2018, Plaintiffs initiated the instant class action against Defendants in the Los Angeles County Superior Court. (*See generally* Notice of Removal ("Notice"), Ex. A, Compl. ("Complaint"), ECF No. 1-1.) Plaintiffs subsequently filed a First Amended Complaint on February 28, 2018 in the Los Angeles County Superior Court. (*See generally* Not., Ex. A, First Am. Compl. "FAC", ECF No. 1-1.) Defendants filed an answer to the FAC on May 2, 2018 in the Los Angeles Superior Court. (*See generally* Not., Ex. B, Answer, "Answer", ECF No. 1-2.) Plaintiffs' FAC alleges the following eight causes of action: (1) failure to pay minimum wage; (2) failure to pay wages for missed meal periods; (3) failure to pay wages for missed rest periods; (4) failure to reimburse business expenses; (5) failure to provide accurate itemized wage statements; (6) waiting time penalties; (7) unfair competition; and (8) civil penalties under private attorney general act arising from willful misclassification. (*See generally* FAC.)

The FAC alleges the following. Plaintiffs Alvarez and Romero are residents of Los Angeles County, California. (FAC ¶¶ 7,10.) Plaintiffs Rivera and Ramirez are residents of San Diego County, California. (FAC ¶¶ 8-9.) Plaintiff Paz is a resident of San Bernardino, California. (FAC ¶ 11.) XPO Logistics Cartage, LLC is a Delaware Limited Liability Company that maintains

California offices and operations in Commerce and San Diego, California[1]. (FAC ¶ 12.) Defendant Jeffrey Trauner is a resident of the State of California and is the General Manager for XPO's operations in Commerce and San Diego, California. (FAC ¶ 14.)

XPO is a major trucking company that transports containers to and from shipping and railway terminals and other facilities in North America. (FAC ¶ 18.) XPO regularly hires drivers to move cargo belonging to its clients. (FAC ¶ 19.) As a condition to working for XPO, Plaintiffs and other drivers are required to sign a form Independent Contractor Operating Contract ("IC Contract"). (FAC ¶ 20.) The IC Contract requires drivers to assume working expenses like the cost of worker's compensation and acknowledge their status as independent contractors. (FAC ¶ 20.) Despite this characterization, however, XPO requires its drivers to undergo an extensive employment application process. (FAC ¶ 21.) Defendants also control the days and hours worked by the drivers and impose various policies and regulations that drivers must either adhere to or face disciplinary action by Defendants. (FAC ¶ 28, 30.)

Plaintiffs argue that Defendants' policy and practice of misclassifying drivers as independent contractors has resulted in the violation of various California employment laws. (Mot. 2, ECF No. 14-1.) Consequently, Plaintiffs filed the instant class-action complaint in Los Angeles County Superior Court. (Mot. 2.) On May 3, 2018, Defendants removed the case to this Court citing the Class Action Fairness Act of 2005 ("CAFA") and asserting this Court has original jurisdiction over, "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000. . .and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." (Not. ¶ 6, 28 U.S.C. § 1332(d)(2)(A).) In the instant Motion, Plaintiff seeks to remand the action back to the Los Angeles County Superior Court pursuant to the "local controversy exception" to CAFA stated in 28 U.S.C. § 1332(d)(4)(A). (*See* Mot. 4, ECF No. 14-1.)

II.     DISCUSSION

    A.      Legal Standard for Remand

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, "must be neither disregarded nor evaded." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Lack of subject matter jurisdiction may be raised by any party at any time, and it

---

[1] Defendant contends in its Notice of Removal that XPO Logistics Cartage, LLC has a single member, XPO Intermodal Solutions, Inc., an Ohio corporation with its principal place of business and corporate headquarters in Dublin, Ohio. (Notice of Removal ¶ 8, ECF No. 1.) Neither Party addresses the citizenship of Defendant XPO Cartage, Inc.

is never waived.  *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Any civil action over which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending.  28 U.S.C. § 1441(a).  In 2005, Congress enacted the Class Action Fairness Act of 2005, which gives district courts, "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

However, "plaintiffs may obtain a remand to state court if the suit involves a local controversy."  *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011).  The local controversy exception states:

> (4)(a)(i) A district court shall decline to exercise jurisdiction. . . over a class action in which:
>
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> >
> > (II) at least 1defendant is a defendant –
> >
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > >
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > >
> > > (cc) who is a citizen of the state in which the action was originally filed; and
> >
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or

similar factual allegations against any of the defendants on
behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A). "[T]he burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).

>    B.    Analysis

Plaintiffs argue the local controversy exception applies to this case, and that the Court must therefore remand the action to Los Angeles County Superior Court. (*See generally* Mot.) Defendants do not dispute that the majority of the exception's requirements are met. However, they argue the local controversy exception does not apply because (1) Plaintiffs have not demonstrated that greater than two-thirds of the members of the Plaintiff class are citizens of California, and (2) a class action with similar allegations was filed against XPO's predecessor on January 11, 2016—within three years of the current action. (Opp'n 4-9.) The Court addresses these arguments in turn.

>    1.    Plaintiffs Have Not Established that Two-Thirds of the Class Members Are Citizens of California

In order for the local controversy exception to apply, more than two-thirds of the members of the class must be citizens of California. 28 U.S.C. § 1332(d)(4)(A). For purposes of the local controversy exception, citizenship of the class members is determined as of the date of the filing of the complaint or amended complaint. *See Mondragon*, 736 F.3d at 883. "It is a longstanding principle that the place where a person lives is taken to be his domicile until facts adduced establish the contrary." *NewGen, LLC v. Safe Cig., LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *but see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). In the context of remand pursuant to the local controversy exception, however, "there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship." *Mondragan*, 736 F.3d at 883. These factual findings must be made pursuant to a preponderance of the evidence standard, however a court may make reasonable inferences based on facts in evidence. *Id.* at 884, 886.

In seeking to remand this case to state court, Plaintiffs argue this case is akin to *Mason v. Lockwood, Andrews & Newnam, P.C.*, and that this Court should find, as the Sixth Circuit did, that there is a rebuttable presumption that a person's residence is his domicile. (Reply 3); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 392 (6th Cir. 2016.) In *Mason,* the plaintiffs defined their class as, "all residents and property owners in the City of Flint who used water from the Flint River" during a certain time. *Mason*, 842 F.3d at 389 (citations omitted). The Sixth Circuit found that the residency-domicile presumption "fits particularly well in the CAFA exception

context, where the moving party is tasked with demonstrating a fact-centered proposition about a mass of individuals, many of whom may be unknown at the time. . . the case is removed to federal court."   *Mason*, 842 F.3d at 392.

The Ninth Circuit has, however, expressly rejected this approach, finding that "[CAFA] does not say that remand can be based simply on a plaintiff's allegations" and that "allowing a district court to make the required factual finding where no evidence has been presented . . . amounts to no more then 'guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless'" *Mondragon*, 736 F.3d at 884 (citing *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2013)).  Here, Plaintiffs filed this suit "on behalf of themselves and of the class of individuals that are defined as all individuals who (1) signed an Independent Contractor Operating Contract with either or both of XPO Defendants in California at any time since April 30, 2016...(2) drove a truck he or she owned or leased to perform work for either or both of the XPO Defendants in California since April 30, 2016...and (3) were classified by either or both of the XPO Defendants as an independent contractor instead of an employee".  (FAC ¶ 37.)  This class definition does not provide the Court with any evidence of the members' citizenship—or even of their residence.  At most, it merely states that the class members worked for the Defendants in California, but it offers no facts to confirm that they were domiciled in California during the relevant time period.  Plaintiffs do allege later in their FAC that "[t]here is a well-defined community of interest amongst the Class Members, as all of these individuals have resided or worked in California". (FAC ¶ 40.)  However, other than this brief statement, there is no other mention in the entire FAC about either the class members' residency or domicile.  (*See generally* FAC.)

The Court recognizes that employment within a state is more closely tied to domicile than is the automobile registration relied upon in *Mondragon*.  *See King v. Great Am. Chicken Corp.*, No. CV 17-4510-GW(ASx), 2018 WL 587847 (C.D. Cal. Jan. 25, 2018).  It cannot, however, overlook the complete lack of factual support for Plaintiff's claim that two-thirds of the putative class members are California Citizens.  While the Ninth Circuit has acknowledged that this rule creates "some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face," it has concluded that "any such inefficiency is largely of the parties' own making" as "[plaintiff] could have limited the class by defining it to consist only of California citizens." *Mondragon*, 736 F.3d at 885, 886.  Because Plaintiffs have failed to meet their burden of proof to establish that greater than two-thirds of the prospective class members are citizens of California, the Court finds that the local controversy exception does not apply.

> 2.    There Has Been A Class Action Filed Within the Three Years Preceding the Current Action Alleging Similar Facts Against a Defendant.

Even were the Court to find that two-thirds of class members were California citizens, Plaintiffs request for remand must still be denied.  The fourth prong of the local controversy exception requires that, "during the 3-year period preceding the filing of [this] class action, no other class action has been filed asserting the same or similar factual allegations against any of the

defendants". 28 U.S.C. § 1332(d)(4)(A)(ii). Defendants identify the case, *Lopez v. PDS Transportation, Inc., et al.,* Los Angeles Superior Court Case No. BC606692 ("*Lopez*"), and argue that XPO are the same company as Pacer Cartage, Inc. ("Pacer") since Pacer is XPO's predecessor. (Opp'n 5.) Plaintiffs counter that Pacer Cartage is not a named defendant in this case and argue that the "plain meaning" of the statute therefore excludes consideration of *Lopez*. The Court finds this argument unconvincing. While the text of the statute does not explicitly include predecessor entities, Plaintiffs themselves recognize that the purpose of the prior litigation exception is to prevent a situation where there are multiple, uncoordinated, parallel class actions proceeding in state court and to instead create a central, federal venue whereby these litigations may be combined. (Reply 2.) The mere fact that a company has changed its name or been acquired by another entity, however, does nothing to remedy these concerns and the Court therefore finds that there is no justification for reading 28 U.S.C. § 1332(d)(4)(A)(ii) so narrowly.

Plaintiffs further assert that in deciding whether or not Pacer and XPO are the same company, the Court may look no further than the face of the complaints in *Lopez* and the instant case. (Reply 3, n.1.) In support of this argument, Plaintiffs rely on *Coleman v. Estes Express Lines, Inc.,* a case holding that, "CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)**(aa) and (bb)** are satisfied." *Coleman*, 631 F.3d at 1015 (emphasis added). *Coleman's* holding, however, was specific to these two subsections, neither of which are at issue here.

Furthermore, *Coleman* went on to note that, "[t]here is a revealing contrast between the language in subsections (aa) and (bb) and the language in subsection (cc)." *Coleman,* 631 F.3d at 1015. "[A] district court may rely on evidence [outside of the complaint] to determine the citizenship of a defendant under subsection (cc)." *Id.* at 1016. In other words, *Coleman* recognized that, "some questions of subject matter jurisdiction are questions of fact, the determination of which may depend on evidence [outside of the complaint]. For example, ... a district court may rely on evidence to determine the citizenship of a defendant under subsection (cc)." *Id. at 1016.* While *Coleman* does not explicitly address 28 U.S.C. § 1332(d)(4)(A)(ii), this subsection appears to be a factual determination more akin to (cc) and the Court may therefore look to evidence beyond the face of the complaint.

Defendants have submitted declarations that (1) Pacer is the predecessor of XPO, (2) its drivers continued to engage in substantially the same services performed for Pacer, and (3) the IC contracts entered into between Pacer and its drivers remained in full effect following the name change. (Declaration of Riina Tohvert ¶ 5, ECF No. 17-6; Declaration of William Maleski ¶¶ 3-4, ECF No. 17-5.) The veracity of these declarations is not disputed by Plaintiffs and the Court therefore concludes that Pacer and XPO are considered the same defendant for purposes of CAFA and that the *Lopez* action, filed within the past three years, prohibits the application of the local controversy exception to remand this action to state court.

///

III. <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

IT IS SO ORDERED.