| | |
|---|---|
| 1 | KATHRYN RILEY GRASSO (Bar No. 211187) |
|   | kathryn.riley@dlapiper.com |
| 2 | KEVIN HARLOW (Bar No. 265565) |
|   | kevin.harlow@dlapiper.com |
| 3 | **DLA PIPER LLP (US)** |
|   | 401 B Street, Suite 1700 |
| 4 | San Diego, CA  92101-4297 |
|   | Tele:  619.699.2700 |
| 5 | Fax:   619.699.2701 |
| 6 | Attorneys for Defendants |
| 7 | XPO LOGISTICS CARTAGE, LLC and JEFFREY TRAUNER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL OMAR ALVAREZ, an individual; ALBERTO RIVERA, an individual; and FERNANDO RAMIREZ, an individual; JUAN ROMERO, an individual; and JOSE PAZ, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XPO LOGISTICS CARTAGE, LLC dba XPO LOGISTICS, a Delaware Limited Liability Company; XPO CARTAGE, INC. dba XPO LOGISTICS, a Delaware corporation; JEFFREY TRAUNER, an individual; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>XPO LOGISTICS CARTAGE, LLC dba XPO LOGISTICS, a Delaware Limited Liability Company,<br><br>Counter-Claimant,<br><br>v.<br><br>ANGEL OMAR ALVAREZ, an individual; ALBERTO RIVERA, an individual; and FERNANDO RAMIREZ, an individual; JUAN | CASE NO.  2:18-CV-03736-SJO-E<br><br>**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR A STAY OF ANY SURVIVING ARBITRABLE CLAIMS BY DEFENDANTS XPO LOGISTICS CARTAGE, LLC AND JEFFREY TRAUNER**<br><br>Date:     October 15, 2018<br>Time:    10:00 a.m.<br>Crtrm:   10C<br>Judge:   Hon. S. James Otero<br><br>Complaint Filed: February 26, 2018 |

EAST\160010434.1

DLA PIPER LLP (US)
SAN DIEGO

18-CV-03736-SJO-E

1  ROMERO, an individual; and JOSE
2  PAZ, an individual; on behalf of
   themselves and all others similarly
3  situated,
4              Counter-Defendants.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA Piper LLP (US)
San Diego

EAST\160010434.1

18-CV-03736-SJO-E

## I. INTRODUCTION

California law has effectively outlawed the classification of Owner-Operators like Plaintiffs as independent contractors. Plaintiffs do not dispute this point in their opposition. Rather, they confirm it. As a result, the Federal Aviation Authorization Administration Act ("FAAAA") preempts Plaintiffs' claims.

Federal Truth in Leasing ("TIL") regulations separately preempt Plaintiffs' claims for unlawful deduction and failure to reimburse business expenses under California Labor Code section 2802. Plaintiffs' opposition essentially complains that this result would be bad public policy from a union perspective. But the plain language of the regulations and controlling case law require preemption here. The parties' disagreement about what constitutes good public policy in this space is for legislatures and agencies, not the courts.

Plaintiffs also cannot salvage their claims for reimbursement of truck lease payments because California law does not require reimbursement no matter how Plaintiffs are classified. And to the extent any claims remain after the Court rules on these issues, Plaintiffs have not refuted the good reasons to wait for the U.S. Supreme Court's decision in *New Prime Inc. v. Oliveira* before proceeding further.

## II. THE FAAAA PREEMPTS PLAINTIFFS' CLAIMS.

Plaintiffs incorrectly argue that neither the ABC test adopted in *Dynamex Operations West, Inc. v. Super. Ct.*, 4 Cal. 5th 903 (2018) or the standard set forth in *S.G. Borello & Sons, Inc. v. Depart. Of Industrial Relations*, 48 Cal. 3d 341 (1989) has a sufficiently significant connection to the prices, routes, or services of motor carriers to be preempted. Plaintiffs' argument misses the Ninth Circuit's teaching on the viability of the specific prohibition here. California law, whether the ABC test or *Borello*, effectively prohibits motor carriers from hiring drivers as independent contractors. Such a prohibition has an impermissible effect on their "prices, routes, or services" and is therefore preempted by the FAAAA. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1053 (9th Cir. 2009).

The ABC test adopted in *Dynamex* is identical to Massachusetts' statutory ABC test, which the First Circuit held is preempted by the FAAAA. *Schwann v. FedEx Ground Package Sys., Inc.*, 813 F.3d 429, 437–40 (1st Cir. 2016). The First Circuit held that the ABC test would have a forbidden impact on prices, routes, and services offered by motor carriers because prong B of the test precludes a motor carrier from classifying certain workers as independent contractors. *Schwann*, 813 F.3d at 440. The Ninth Circuit recently acknowledged the validity of this premise, stating that the ABC test "may effectively compel a motor carrier to use employees for certain services because, under the 'ABC' test, a worker providing a service within an employer's usual course of business will never be considered an independent contractor." *California Trucking Ass'n v. Su*, 2018 WL 4288953, at *7 (9th Cir. Sept. 10, 2018). California's ABC test is, therefore, preempted.[1]

While the Ninth Circuit also held in *Su* that the FAAAA did not preempt the *Borello* standard, its holding was based partly on the fact that the defendant had "not alleged or shown how the *Borello* standard makes it difficult for [motor carriers] to use independent contractors to provide their services." *California Trucking Ass'n v. Su*, 2018 WL 4288953, at *7. Here, Defendants have cited a legislative finding that application of the *Borello* standard resulted in a 97% rate of finding drivers hired by motor carriers misclassified. Moving Br. at 4 (citing Senate Committee on Appropriations, Analysis of Senate Bill 1402, at p. 1 (May 7,

---

[1] Plaintiffs' reliance on *Costello BeavEx, Inc.*, 810 F.3d 1045 (7th Cir. 2016), is misplaced. In that case, the Seventh Circuit found that the FAAAA did not preempt the Illinois Wage Payment and Collection Act ("IWPCA"). In distinguishing First Circuit authority finding Massachusetts's ABC test preempted, the Seventh Circuit explained that the IWPCA's scope was "limited" and its effect on a motor carrier's prices, routes, and services was therefore "necessarily more limited than" the effect of Massachusetts's ABC test. *Id.* at 1055. The ABC test adopted as California law in *Dynamex*, however, "tracks the Massachusetts version of the ABC test," not the more limited IWPCA. *Dynamex Operations West, Inc. v. Super. Ct.*, 4 Cal. 5th at 944-56, n.23. *Costello* is therefore inapposite.

2018)). The *Borello* standard thus operates as a *de facto* prohibition of motor carriers' use of independent contractor drivers and is preempted by the FAAAA.

### III. TIL REGULATIONS PREEMPT PLAINTIFFS' UNLAWFUL DEDUCTION AND UNREIMBURSED EXPENSES CLAIMS.

As Plaintiffs concede, courts have repeatedly held that TIL regulations preempt state law claims compelling a federally-licensed motor carrier to assume operational costs that federal law expressly permits to be allocated to an Owner-Operator. *Valadez v. CSX Intermodal Terminals, Inc.*, 2017 WL 1416883, at *8-*9 (N.D. Cal. Apr. 10, 2017); *Rodriguez v. RWA Trucking Co., Inc.*, 238 Cal. App. 4th 1375, 1393 (Ct. App. 2013), *as modified* (Sept. 20, 2013), *publication ordered*, 352 P.3d 881 (Cal. 2015); *Remington v. J.B. Hunt Transp., Inc.*, 2016 WL 4975194 at *7 (D. Mass. Sept. 16, 2016). The reasoning in these cases is straightforward: state law cannot prohibit what federal law expressly permits. *Rodriguez*, 238 Cal. App. 4th at 1393-94; *Valadez*, at *8; *Remington*, 2016 WL 4975194 at *4.

For the same reason, Plaintiffs' claims for reimbursement of operational costs and unlawful deductions are preempted. Plaintiffs signed written contracts that are subject to TIL regulations, and in which Plaintiffs agreed to assume operating costs relating to their vehicles and permit Defendants to deduct them. SAC ¶ 19 & 20. Plaintiffs now want the Court to rewrite those contracts. But because TIL regulations expressly authorize the allocation of such costs to Plaintiffs, Plaintiffs' claims are preempted. *Valadez*, at 2017 WL 1416883, at *8-11; *Rodriguez*, 238 Cal. App. 4th at 1393-94; *Remington*, 2016 WL 4975194, at *5.

Plaintiffs' do not seriously dispute that the law establishes their claims are preempted. Rather, they make a policy argument in asking this Court to reject *Valadez*, *Rodriguez*, and *Remington*. Plaintiffs argue that those courts "erred" by failing to consider TIL regulations' "full purposes and objectives." Opp. at 17.

Plaintiffs' arguments are incorrect. In *Valadez*, the court specifically acknowledged TIL's primary objective to "prevent large carriers from taking

advantage of individual owner-operators due to their weak bargaining position." 2017 WL 1416883, at *7. It concluded, however, that California law conflicts with and is preempted by TIL regulations if it "prohibits activities that the TIL Regulations permit." *Id.* at *9. Likewise, in *Remington*, the court found that Congress left it to the "leasing parties to decide how business expenses (and rewards) associated with a lease are to be allocated" and that "State law cannot dictate contract terms where federal law provides the freedom to negotiate." *Remington*, 2016 WL 4975194, at *5; *see also Rodriguez*, 238 Cal. App. 4th at 1394. This Court should reject Plaintiffs' invitation to substitute Plaintiffs' policy preferences for a proper legal analysis.

The Supreme Court and Ninth Circuit decisions Plaintiffs cite did not involve TIL regulations and do not compel a different result. The decision in *Renteria v. K&R Transp., Inc.*, 1999 WL 33268638 (C.D. Cal. Feb. 23, 1999), is not binding precedent and was rejected by the California Court of Appeal in *Rodriguez*, which accords with the weight of authority. 238 Cal. App. 4th 1383-84, 1393-94; *Valadez*, at *8; *Remington*, 2016 WL 4975194 at *4.

### IV. PLAINTIFFS' CLAIMS FOR REIMBURSEMENT OF LEASE PAYMENTS FAIL UNDER CALIFORNIA LAW.

Regardless of preemption, Plaintiffs' claims for reimbursement of truck lease payments fail as a matter of law. California law does not require Defendants to reimburse Plaintiffs for the costs of their trucks whether Plaintiffs are ultimately determined to be independent contractors or misclassified employees. *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 24-25 (2007). It is thus not "premature" to decide these claims before the misclassification claims.

No authority supports Plaintiffs' argument that whether Defendants must reimburse them for truck lease payments turns on whether Plaintiffs "genuinely own[ed] their trucks." Opp. at 19. The *Estrada* court drew no distinction between expenses related to purchasing a truck outright versus leasing a truck; an employer

need not reimburse a driver for either expense. 154 Cal. App. 4th at 25. Moreover, in *Estrada*, the drivers were required to purchase or lease trucks that met FedEx standards, to paint the trucks "FedEx White" and apply FedEx logos, usually obtained their trucks through FedEx's preferred vendors, and could obtain loans through FedEx's business support program with repayment through deductions from their pay. *Id.* at 7. None of this affected the court's holding that FedEx "need not reimburse the drivers for the costs of their trucks." *Id.* at 25.

*Yanez v. U.S.*, 63 F. 3d 870, 872 (9th Cir. 1995), is inapposite. No issue of material fact remains to be resolved here. Whether Plaintiffs owned the trucks they used to provide services, leased them from Defendants, or leased them from some third party, California law does not require Defendants to reimburse Plaintiffs for the costs of purchasing or leasing the vehicles. *Estrada*, 154 Cal. App. at 24-25.

## V. A STAY IS WARRANTED.

Finally, a stay is warranted on any claims that might survive the Court's substantive rulings. Plaintiffs incorrectly limit Defendants' harm to litigation costs. While a stay would be most efficient, more than resources are at stake. Whether Defendants will be forced to continue the litigation in a forum different from the one to which the parties agreed (*i.e.*, arbitration) is at stake. And as shown in Defendants' opening brief, the issue in *Oliveira*—whether the FAA applies to an arbitration agreement between a motor carrier and a driver hired as an independent contractor—is a crucial threshold issue. 138 S. Ct. 1164 (2018) (granting certiorari). In contrast, the "damage" to Plaintiffs in granting a stay is minimal. *CMAX, Inc. v. Hall*, 300 F.3d at 268. Despite Plaintiffs' alleged harm of unpaid wages, Plaintiffs have received 100% of the compensation for which they bargained. The only issue is whether Plaintiffs are entitled to a windfall above and beyond that amount. A stay will not deprive Plaintiffs of having their claims heard in the proper forum, and they too will conserve litigation resources.

/////

| | | |
|---|---|---|
| 1 | Dated: October 1, 2018 | DLA PIPER LLP (US) |
| 2 | | |
| 3 | | By /s/ *Kathryn Riley Grasso* |
| 4 | | KATHRYN RILEY GRASSO<br>KEVIN HARLOW |
| 5 | | Attorneys for Defendants |
| 6 | | XPO LOGISTICS CARTAGE, LLC and<br>JEFFREY TRAUNER |