1   SCOTT VOELZ (SBN 181415)
2   svoelz@omm.com
    ALEXANDER J. LARRO (SBN 287737)
3   alarro@omm.com
    CHRISTIANNA KYRIACOU (SBN
4   313379)
5   ckyriacou@omm.com
6   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
7   Los Angeles, California  90071-2899
8   Telephone:  +1 213 430 6000
    Facsimile:    +1 213 430 6407
9

10  *Attorneys for Defendant and Cross-*
    *Complainant XPO Logistics Cartage,*
11  *LLC and Defendants XPO Cartage, Inc.,*
    *XPO Logistics, Inc., XPO Logistics, LLC,*
12  *XPO Intermodal Solutions, Inc., XPO*
13  *Intermodal Services, LLC, XPO Port*
    *Services, Inc., XPO Logistics Port*
14  *Services, LLC, and Jeffrey Trauner*
15
    *Continued on third page*
16

17          **UNITED STATES DISTRICT COURT**
18
            **CENTRAL DISTRICT OF CALIFORNIA**
19

20  ANGEL OMAR ALVAREZ, an              Case No. 2:18-cv-03736-SJO-E
21  individual; ALBERTO RIVERA, an
    individual; and FERNANDO            [~~PROPOSED~~] **ORDER ON**
22  RAMIREZ, an individual; JUAN        **STIPULATED AMENDED**
                                        **PROTECTIVE ORDER**
23  ROMERO, an individual; and JOSE     **REGARDING CONFIDENTIAL**
    PAZ, an individual; on behalf of    **INFORMATION**
24  themselves and all others similarly
25  situated,                           Dept:    10C
                                        Judge:   Hon. S. James Otero
26          Plaintiffs,
27                                      Consolidated with Case Nos.:
        v.                              2:18-cv-06175-SJO-E
28

| | |
|---|---|
| 1 | XPO LOGISTICS CARTAGE, LLC dba | 2:18-cv-08220-SJO-E |
| 2 | XPO LOGISTICS, a Delaware Limited | 2:18-cv-09144-SJO-E |

1  XPO LOGISTICS CARTAGE, LLC dba
2  XPO LOGISTICS, a Delaware Limited
   Liability Company; XPO CARTAGE,
3  INC. dba XPO LOGISTICS, a Delaware
4  corporation; JEFFREY TRAUNER, an
   individual; and DOES 1-100, inclusive,
5
6                    Defendants.

7  XPO LOGISTICS CARTAGE, LLC
   dba XPO LOGISTICS, a Delaware
8  Limited Liability Company,
9
                Cross-Complainant,
10
11        v.
12
   ANGEL OMAR ALVAREZ, an
13 individual; ALBERTO RIVERA, an
   individual; and FERNANDO
14 RAMIREZ, an individual; JUAN
15 ROMERO, an individual; and JOSE
   PAZ, an individual; on behalf of
16 themselves and all others similarly
17 situated,
18
                Cross-Defendants.
19
20
21
22
23
24
25
26
27
28

1  | *Continued from first page*

2  | **LAW OFFICES OF C. JOE SAYAS, JR.**
   | C. JOE SAYAS, JR. (Bar No. 122397)
3  | KARL P. EVANGELISTA (Bar No. 250685)
   | 500 N. Brand Boulevard, Suite 980
4  | Glendale, California 91203
   | Telephone: (818) 291-0088
5  | Facsimile: (818) 240-9955

6  | **BUSH GOTTLIEB, ALC**
   | JULIE GUTMAN DICKINSON (Bar No. 148267)
7  | IRA L. GOTTLIEB (Bar No. 103236)
   | KATHERINE M. TRAVERSO (Bar No. 290559)
8  | HECTOR DE HARO (Bar No. 300048)
   | KIEL IRELAND (Bar No. 316287)
9  | 801 N. Brand Boulevard, Suite 950
   | Glendale, California 91203
10 | Telephone: (818) 973-3200
   | Facsimile: (818) 973-3201

11 |

12 | *Attorneys for Plaintiffs and Cross-Defendants*
   | *Angel Omar Alvarez, Alberto Rivera,*
13 | *Fernando Ramirez, Juan Romero, and Jose Paz*

14 | DANIEL OSBORN (SBN 132472)
   | **OSBORN LAW P .C.**
15 | 43 West 43rd Street, Suite 131
   | New York, NY 10036-7424
16 | Telephone: (212) 725-9800
   | Facsimile: (212) 500-5115

17 | D. BRIANA RIVERA (SBN 187682)
18 | PATRICIA A. SHACKELFORD (SBN 218647)
   | **RIVERA | SHACKELFORD**
19 | 4901 Morena Blvd., Suite 111
20 | San Diego, CA 9211 7
   | Telephone: (858) 412-5303
21 | Facsimile: (619) 858-2308

22 | *Attorneys for Plaintiffs and Cross-Defendants*
23 | *Jairo Moreno Martinez, Jesus Carreon, and*
   | *Rodolpho Moreno*

24 | SOLOMON E. GRESEN (SBN 164783)
25 | JACK RISEMBERG (SBN 291788)
26 | RGLAWYERS, LLP
   | 15910 VENTURA BOULEVARD, SUITE 1610
27 | ENCINO, CALIFORNIA 91436
28 | TELEPHONE: (818) 815-2727

1 | FACSIMILE: (818) 815-2737
2 | *Attorneys for Plaintiff and Cross-Defendant*
*Edgar Mendoza*

3 | Alvin M. Gomez, Esq., (SBN 137818)
Stephen Noel Ilg, Esq., (SBN 275599)
4 | Frank Zeccola, Esq. (SBN 308875)
**GOMEZ LAW GROUP**
5 | 2725 Jefferson Street, Suite 7
Carlsbad, California 92008
6 | Telephone: (858) 552-0000
Facsimile: (760) 720-5217
7 | Email: alvingomez@thegomezlawgroup.com

8 | *Attorneys for Plaintiffs and Cross-Defendants*
*Reynaldo Gomez Acosta and Servando Avila Luciano*
9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1    WHEREAS, Plaintiffs and Cross-Defendants Angel Omar Alvarez, Alberto

2  Rivera, Fernando Ramirez, Juan Romero, Jose Paz, Jairo Moreno Martinez, Jesus

3  Carreon, Rodolpho Moreno, Edgar Mendoza, Reynaldo Gomez Acosta, and

4  Servando Avila Luciano and Defendant and Cross-Complainant XPO Logistics

5  Cartage, LLC, and Defendants XPO Cartage, Inc., XPO Logistics, Inc., XPO

6  Logistics, LLC, XPO Intermodal Solutions, Inc., XPO Intermodal Services, LLC,

7  XPO Port Services, Inc., XPO Logistics Port Services, LLC, and Jeffrey Trauner

8  have determined that certain information to be produced in this action may contain

9  Confidential Information (as defined below), the unauthorized disclosure of which

10  could be detrimental to the legitimate commercial or privacy interests of the parties

11  that produced or designated this information as confidential or would contravene

12  applicable law;

13    WHEREAS, the original protective order (Dkt. 60) entered into in these

14  consolidated actions on November 30, 2018 preceded the Court's January 14, 2019

15  order consolidating the action styled *Arellano et al. v. XPO Logistics Cartage, LLC*

16  *et al.*, Case No. CV 08220-SJO-(Ex) (*see* Case No. CV 18-08220 SJO (Ex), Dkt.

17  30);

18    WHEREAS, all of the parties in each of the four consolidated actions wish to

19  maintain and protect confidentiality of Confidential Information and materials and

20  restrict access to and disclosure of such information and materials;

21    THE PARTIES HEREBY STIPULATE, by and through their respective

22  counsel of record, to entry of the following amended protective order as an order of

23  the above-captioned Court ("Stipulated Amended Protective Order") and propose to

24  the Court as follows:

25    1.    PURPOSES AND LIMITATIONS

26    Discovery in this action potentially involves production of confidential,

27  proprietary or private information for which special protection from public

28  disclosure and from use for any purpose other than pursuing this litigation may be

1  warranted. Accordingly, the parties hereby stipulate to and petition the Court to

2  enter the following Stipulated Amended Protective Order. The parties acknowledge

3  that this Order does not confer blanket protections on all disclosures or responses to

4  discovery and that the protection it affords from public disclosure and use extends

5  only to the limited information or items that are entitled to confidential treatment

6  under the applicable legal principles.

7      2.   GOOD CAUSE STATEMENT

8      Discovery is likely to involve trade secrets, confidential and proprietary

9  information concerning XPO's business operations, XPO's contracts and

10  agreements with customers and drivers, personal information of Plaintiffs and other

11  third party individuals, including personal identifying information such as social

12  security numbers, customer and pricing lists, and other valuable commercial,

13  financial, technical and/or proprietary information for which special protection

14  from public disclosure and from use for any purpose other than prosecution of this

15  action may be warranted. Such confidential and proprietary materials and

16  information consist of, among other things, confidential business or financial

17  information, information regarding confidential business practices, or commercial

18  information (including information implicating privacy rights of third parties),

19  information otherwise generally unavailable to the public, or which may be

20  privileged or otherwise protected from disclosure under state or federal statutes,

21  court rules, case decisions, or common law. Accordingly, to expedite the flow of

22  information, to facilitate the prompt resolution of disputes over confidentiality of

23  discovery materials, to adequately protect information the parties are entitled to

24  keep confidential, to ensure that the parties are permitted reasonable necessary uses

25  of such material in preparation for and in the conduct of trial, to address their

26  handling at the end of the litigation, and to serve the ends of justice, a protective

27  order for such information is justified in this matter. It is the intent of the parties

28  that information will not be designated as confidential for tactical reasons and that

1   nothing be so designated without a good faith belief that it has been maintained in a

2   confidential, non-public manner, and there is good cause why it should not be part

3   of the public record of this case.

4       3.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

5       The parties further acknowledge, as set forth in Section 14.3, below, that this

6   Stipulated Amended Protective Order does not entitle them to file confidential

7   information under seal; Local Civil Rule 79-5 sets forth the procedures that must be

8   followed and the standards that will be applied when a party seeks permission from

9   the court to file material under seal. There is a strong presumption that the public

10  has a right of access to judicial proceedings and records in civil cases. In

11  connection with non-dispositive motions, good cause must be shown to support a

12  filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172,

13  1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th

14  Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis.

15  1999) (even Stipulated Amended Protective Orders require good cause showing).

16  A specific showing of good cause or compelling reasons with proper evidentiary

17  support and legal justification, must be made with respect to Protected Material that

18  a party seeks to file under seal. The parties' mere designation of Disclosure or

19  Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" does not— without the submission of competent

21  evidence by declaration, establishing that the material sought to be filed under seal

22  qualifies as confidential, privileged, or otherwise protectable—constitute good

23  cause.

24      Further, if a party requests sealing related to a dispositive motion or trial,

25  then compelling reasons, not only good cause, for the sealing must be shown, and

26  the relief sought shall be narrowly tailored to serve the specific interest to be

27  protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.

28  2010). For each item or type of information, document, or thing sought to be filed

1  or introduced under seal, the party seeking protection must articulate compelling
2  reasons, supported by specific facts and legal justification, for the requested sealing
3  order. Again, competent evidence supporting the application to file documents
4  under seal must be provided by declaration.

5  Any document that is not confidential, privileged, or otherwise protectable in
6  its entirety will not be filed under seal if the confidential portions can be redacted.
7  If documents can be redacted, then a redacted version for public viewing, omitting
8  only the confidential, privileged, or otherwise protectable portions of the document,
9  shall be filed. Any application that seeks to file documents under seal in their
10  entirety should include an explanation of why redaction is not feasible.

11  **4.  DEFINITIONS**

12  4.1  *Alvarez* Action: the action titled *Angel Omar Alvarez, et al. v. XPO*
13  *Logistics Cartage, LLC dba XPO Logistics, et al.*, Case Number 2:18-cv-03736.

14  4.2  *Martinez* Action: the action titled *Jairo Moreno Martinez, et al. v.*
15  *XPO Logistics, Inc., et al.*, Case Number 2:18-cv-06175.

16  4.3  *Mendoza* Action: the action titled *Edgar Mendoza v. XPO Logistics*
17  *Cartage, LLC, dba XPO Logistics, et al.*, Case Number 2:18-cv-09144.

18  4.4  *Arrellano* Action: the action titled *Victor Cortez Arrellano v. XPO*
19  *Port Service, Inc.*, Case Number 2:18-cv-08220.

20  4.5  Consolidated Actions: Collectively refers to the *Alvarez* Action,
21  *Martinez* Action, *Mendoza* Action and *Arrellano* Action.

22  4.6  Challenging Party: a Party or Non-Party that challenges the
23  designation of information or items under this Order.

24  4.7  "CONFIDENTIAL" Information or Items: Disclosure or Discovery
25  Materials for which a Designating Party believes in good faith that such
26  information or items are entitled to confidential treatment.

27  4.8  Counsel: Outside Counsel of Record and House Counsel (as well as
28  their support staff).

1    4.9   Designating Party: a Party or Non-Party that designates information or
2  items that it produces in disclosures or in responses to discovery as
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
4  ONLY."
5    4.10   Disclosure or Discovery Material: all items or information, regardless
6  of the medium or manner in which it is generated, stored, or maintained (including,
7  among other things, testimony, transcripts, and tangible things), that are produced
8  or generated in disclosures or responses to discovery or testified to during
9  deposition or other proceedings.
10    4.11   Expert: a person with specialized knowledge or experience in a matter
11  pertinent to the litigation  who has been retained by a Party or its Counsel to serve as
12  an expert witness, or expert consultant, in any of the Consolidated Actions.
13    4.12   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14  Information or Items: Disclosure or Discovery Material for which a Designating
15  Party believes in good faith that the disclosure of such information or item to
16  another Party or Non-Party would create a substantial risk of serious financial or
17  other injury that cannot be avoided by less restrictive means.
18    4.13   House Counsel: attorneys who are employees of a party in any of the
19  Consolidated Actions.  House Counsel does not include Outside Counsel of Record
20  or any other outside counsel.
21    4.14   Non-Party: any natural person, partnership, corporation, association or
22  other legal entity not named as a Party in any of the Consolidated Actions.
23    4.15   Outside Counsel of Record: attorneys who are not employees of a
24  Party to any of the Consolidated Actions, but are retained to represent a Party any
25  of the Consolidated Actions and have appeared in any of the Consolidated Actions
26  on behalf of that Party or are affiliated with a law firm that has appeared on behalf
27  of that Party, and includes support staff.
28

1    4.16   Party: any party to any of the Consolidated Actions, including all of its

2    officers, directors, employees, consultants, retained experts, and Outside Counsel of

3    Record (and their support staffs).

4    4.17   Producing Party: a Party or Non-Party that produces Disclosure or

5    Discovery Material in any of the Consolidated Actions.

6    4.18   Professional Vendors: persons or entities that provide litigation

7    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8    demonstrations, and organizing, storing, or retrieving data in any form or medium)

9    and their employees and subcontractors.

10   4.19   Protected Material: any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY."

13   4.20   Receiving Party: a Party that receives Disclosure or Discovery

14   Material from a Producing Party.

15   5.    SCOPE

16   The protections conferred by this Stipulation and Order cover not only

17   Protected Material (as defined above), but also (1) any information copied or

18   extracted from Protected Material; (2) all copies, excerpts, summaries, or

19   compilations of Protected Material; and (3) any testimony, conversations, or

20   presentations by Parties or their Counsel that might reveal Protected Material.

21   Any use of Protected Material at trial shall be governed by the orders of the

22   trial judge and other applicable authorities. This Order does not govern the use of

23   Protected Material at trial.

24   6.    DESIGNATING PROTECTED MATERIAL

25   6.1   Exercise of Restraint and Care in Designating Material for Protection.

26   Each Party or Non-Party that designates information or items for protection under

27   this Stipulated Amended Protective Order as "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY" must take care to limit any

1  such designations to specific material that qualifies under the appropriate standards.

2  The Designating Party must designate for protection only those parts of material,

3  documents, items or oral or written communications that qualify so that other

4  portions of the material, documents, items or communications for which protection

5  is not warranted are not swept unjustifiably within the ambit of this Order.

6  Designations with a higher confidentiality level when a lower level would suffice

7  are prohibited.

8      Mass, indiscriminate or routinized designations are prohibited. Designations

9  that are shown to be clearly unjustified or that have been made for an improper

10  purpose (e.g., to unnecessarily encumber the case development process or to

11  impose unnecessary expenses and burdens on other parties) may expose the

12  Designating Party to sanctions.

13      If it comes to a Designating Party's attention that information or items that it

14  designated for protection do not qualify for protection or do not qualify for the level

15  of protection initially asserted, that Designating Party must promptly notify all

16  other Parties that it is withdrawing the inapplicable designation.

17      6.2   Manner and Timing of Designations. Except as otherwise provided in

18  this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material

19  that qualifies for protection under this Order must be clearly so designated before

20  the material is disclosed or produced.

21      Designation in conformity with this Order requires:

22          (a)   for information in documentary form (e.g., paper or electronic

23  documents, but excluding transcripts of depositions or other pretrial or trial

24  proceedings), that the Producing Party affix at a minimum, the applicable legend

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY" (hereinafter "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

27  legend), to each page that contains protected material. If only a portion of the

28  material on a page qualifies for protection, the Producing Party also must clearly

1   identify the protected portion(s) (e.g., by making appropriate markings in the

2   margins).

3        A Party or Non-Party that makes original documents available for inspection

4   need not designate them for protection until after the inspecting Party has indicated

5   which documents it would like copied and produced. During the inspection and

6   before the designation, all of the material made available for inspection shall be

7   deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the

8   documents it wants copied and produced, the Producing Party must determine

9   which documents, or portions thereof, qualify for protection under this Order. Then,

10  before producing the specified documents, the Producing Party must affix the

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that

12  contains Protected Material. If only a portion of the material on a page qualifies for

13  protection, the Producing Party also must clearly identify the protected portion(s)

14  (e.g., by making appropriate markings in the margins).

15        With regard to any material containing information specifically pertaining to

16  a Party other than the Producing Party, the Producing Party shall give counsel for

17  said Party notice, at least five (5) business days prior to any such production, of the

18  Producing Party's intent to produce said material as Disclosure or Discovery

19  Material in the Consolidated Actions.  In order to allow the Party whose

20  information is contained in the material to identify any private information entitled

21  to confidential treatment, the Producing Party's notice to the relevant Party shall

22  include a copy of all materials the Producing Party intends to produce as Disclosure

23  or Discovery Materials in the Consolidated Actions.  The Party whose information

24  is contained in the material that the Producing Party seeks to produce as Disclosure

25  or Discovery Materials in the Consolidated Actions may, within five (5) business

26  days of receiving notice from the Producing Party, either: (i) affix the

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that

28  contains Protected Material or (ii) direct the Producing Party to redact certain

1    private information specifically pertaining to the Party (by specifically and clearly

2    identifying the particular information or material sought to be redacted by Bates

3    Number and location).

4          (b)    for testimony given in deposition or other proceeding, the

5    Designating Party shall specify all protected testimony and the level of protection

6    being asserted.  In the case of a deposition, the Designating Party may make that

7    designation during the deposition or on the next business day following the

8    deposition.  In the case of other proceeding(s), the Designating Party may make that

9    designation during the proceeding or may also invoke, on the record or by written

10   notice to all parties on or before the next business day, a right to have up to seven

11   days from the date the proceeding transcript is received by the Designating Party to

12   make its designations.  In the event there is a motion or hearing deadline for which

13   the proceeding testimony, other than deposition testimony, may be necessary, the

14   Designating Party shall make its designations to the proceeding transcript by 5:00

15   PST at least three (3) business days before the motion or hearing deadline.  The use

16   of a document as an exhibit at a deposition or hearing shall not in any way affect its

17   designation.

18         (c)    for information produced in some form other than documentary

19   and for any other tangible items, that the Producing Party affix in a prominent place

20   on the exterior of the container or containers in which the information is stored the

21   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or

22   portions of the information warrants protection, the Producing Party, to the extent

23   practicable, shall identify the protected portion(s).

24         With regard to any information specifically pertaining to a Party other than

25   the Producing Party, the Producing Party shall give counsel for said Party notice, at

26   least five (5) business days prior to any such production, of the Producing Party's

27   intent to produce said information as Disclosure or Discovery Material in the

28   Consolidated Actions.  In order to allow the Party whose information is to be

1   produced to identify any private information entitled to confidential treatment, the

2   Producing Party's notice to the relevant Party shall describe in detail the

3   information sought to be produced as Disclosure or Discovery Material in the

4   Consolidated Actions.  The Party whose information is contained in the material

5   intended to be produced by the Producing Party may, within five (5) business days

6   of receiving notice from the Producing Party, affix in a prominent place on the

7   exterior of the container or containers in which the information is stored the legend

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9        6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

10  failure to designate qualified information or items does not, standing alone, waive

11  the Designating Party's right to secure protection under this Order for such

12  material. Upon timely correction of a designation, the Receiving Party must make

13  reasonable efforts to assure that the material is treated in accordance with the

14  provisions of this Order.

15        7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16        7.1    Timing of Challenges. Any Party or Non-Party may challenge a

17  designation of confidentiality, including a directive to redact private, confidential

18  material under Section 6.2 above, at any time that is consistent with the Court's

19  Scheduling Order.

20        7.2    Meet and Confer. The Challenging Party shall initiate the dispute

21  resolution process under Local Rule 37-1 et seq.

22        7.3    Joint Stipulation. Any challenge submitted to the Court shall be via a

23  joint stipulation pursuant to Local Rule 37-2.

24        7.4    The burden of persuasion in any such challenge proceeding shall be on

25  the Designating Party. Frivolous challenges, and those made for an improper

26  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

27  parties) may expose the Challenging Party to sanctions. Unless the Designating

28  Party has waived or withdrawn the confidentiality designation, all parties shall

- 14 -

1    continue to afford the material in question the level of protection to which it is

2    entitled under the Producing Party's designation until the Court rules on the

3    challenge.

4        8.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

5        8.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

6    disclosed or produced by another Party or by a Non-Party in connection with any of

7    the Consolidated Actions only for prosecuting, defending or attempting to settle any

8    of the Consolidated Actions. Such Protected Material may be disclosed only to the

9    categories of persons and under the conditions described in this Order. When any of

10    the Consolidated Actions has been terminated, a Receiving Party in the terminated

11    action must comply with the provisions of Section 14 below (FINAL

12    DISPOSITION).

13        Protected Material must be stored and maintained by a Receiving Party at a

14    location and in a secure manner that ensures that access is limited to the persons

15    authorized under this Order.

16        8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

17    otherwise ordered by the Court or permitted in writing by the Designating Party, a

18    Receiving Party may disclose any information or item designated

19    "CONFIDENTIAL" only to:

20        (a)    the Receiving Party's Outside Counsel of Record in the

21    Consolidated Actions, as well as employees of said Outside Counsel of Record to

22    whom it is reasonably necessary to disclose the information for purposes of any of

23    the Consolidated Actions;

24        (b)    the officers, directors, and employees (including House

25    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

26    purposes of any of the Consolidated Actions;

27        (c)    Experts (as defined in this Order) of the Receiving Party to

28    whom disclosure is reasonably necessary for purposes of any of the Consolidated

1  Actions and who have signed the "Acknowledgment and Agreement to Be Bound"

2  (Exhibit A);

3          (d)    the Court and its personnel;

4          (e)    court reporters and their staff;

5          (f)    professional jury or trial consultants, mock jurors, and

6  Professional Vendors to whom disclosure is reasonably necessary for purposes of

7  any of the Consolidated Actions and who have signed the "Acknowledgment and

8  Agreement to Be Bound" (Exhibit A);

9          (g)    the author or recipient of a document containing the information

10  or a custodian or other person who otherwise possessed or knew the information;

11          (h)    during their depositions, witnesses, and attorneys for witnesses,

12  in any of the Consolidated Actions to whom disclosure is reasonably necessary

13  provided the witness and the witness's attorney sign the form attached as Exhibit A

14  hereto. Pages of transcribed deposition testimony or exhibits to depositions that

15  reveal Protected Material may be separately bound by the court reporter and may

16  not be disclosed to anyone except as permitted under this Stipulated Amended

17  Protective Order; and

18          (i)    any mediators or settlement officers and their supporting

19  personnel, mutually agreed upon by any of the parties engaged in settlement

20  discussions.

21      8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

22  ONLY" Information or Items.  Unless permitted in writing by the Designating

23  Party, a Receiving Party may disclose material designated "HIGHLY

24  CONFIDENTIAL – ATTORNEYS EYES ONLY" without further approval only

25  to:

26          (a)    the Receiving Party's Outside Counsel of Record in the

27  Consolidated Actions and employees of Outside Counsel of Record to whom it is

28  reasonably necessary to disclose the information;

1        (b)    the Court and its personnel;

2        (c)    court reporters and their staff;

3        (d)    professional jury or trial consultants, and professional vendors to

4    whom disclosure is reasonably necessary, and who have signed the

5    Acknowledgment and Agreement to Be Bound (Exhibit A);

6        (e)    Experts (as defined in this Order) of the Receiving Party to

7    whom disclosure is reasonably necessary for purposes of any of the Consolidated

8    Actions and who have signed the "Acknowledgement and Agreement to Be Bound"

9    (Exhibit A); and

10       (f)    the author or recipient of a document containing the material, or

11   a custodian or other person who otherwise possessed or knew the information.

12       8.4   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

13   <u>CONFIDENTIAL – ATTORNEYS EYES ONLY" Material to House Counsel or</u>

14   <u>Experts</u>. Unless agreed to in writing by the designator:

15       (a)    A party seeking to disclose to House Counsel any material

16   designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must first

17   make a written request to the Designating Party providing the full name of the

18   House Counsel, the city and state of such counsel's residence, and such counsel's

19   current and reasonably foreseeable future primary job duties and responsibilities in

20   sufficient detail to determine present or potential involvement in any competitive

21   decision-making.

22       (b)    A Party that makes a request and provides the information

23   specified in paragraph (a) may disclose the designated material to the identified

24   House Counsel unless, within seven days of delivering the request, the Party

25   receives a written objection from the Designating Party providing detailed grounds

26   for the objection.

27       (c)    All challenges to objections from the Designating Party shall

28   proceed in accordance with Section 7 above.

9.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in any of the Consolidated Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or for which another Party directed that private information be redacted pursuant to Section 6.2 above, the Party receiving the subpoena or court order must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Amended Protective Order. Such notification shall include a copy of this Stipulated Amended Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in any of the Consolidated Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in any of the Consolidated Actions to disobey a lawful directive from another court.

10.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in any of the Consolidated Actions and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party, within fourteen (14) days of receiving the request, that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party, within fourteen (14) days of receiving the request, with a copy of the Stipulated Amended Protective Order in these Consolidated Actions, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving

- 19 -

1  Party shall not produce any information in its possession or control that is subject to

2  the confidentiality agreement with the Non-Party before a determination by the

3  Court. Absent a court order to the contrary, the Non-Party shall bear the burden and

4  expense of seeking protection in this Court of its Protected Material.

5       11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7  Protected Material to any person or in any circumstance not authorized under this

8  Stipulated Amended Protective Order, the Receiving Party must immediately (a)

9  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

10  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

11  the person or persons to whom unauthorized disclosures were made of all the terms

12  of this Order, and (d) request such person or persons to execute the

13  "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

14       12.  INADVERTENT PRODUCTION OF PRIVILEGED OR
              OTHERWISE PROTECTED MATERIAL
15

16       When a Producing Party gives notice to Receiving Parties that certain

17  inadvertently produced material is subject to a claim of privilege or other

18  protection, the obligations of the Receiving Parties are those set forth in Federal

19  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

20  whatever procedure may be established in an e-discovery order that provides for

21  production without prior privilege review. Pursuant to Federal Rule of Evidence

22  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

23  of a communication or information covered by the attorney-client privilege or work

24  product protection, the Parties may incorporate their agreement in the Stipulated

25  Amended Protective Order submitted to the court.

26       13.  MISCELLANEOUS

27       13.1  Right to Further Relief. Nothing in this Order abridges the rights of

28  any Party to seek its modification by the Court in the future.

1       13.2   Right to Assert Other Objections. By stipulating to the entry of this

2   Protective Order, no Party waives any right it otherwise would have to object to

3   disclosing or producing any information or item on any ground not addressed in

4   this Stipulated Amended Protective Order. Similarly, no Party waives any right to

5   object on any ground to use in evidence of any of the material covered by this

6   Protective Order.

7       13.3   Filing Protected Material. A Party that seeks to file under seal any

8   Protected Material must comply with Local Civil Rule 79-5. Protected Material

9   may only be filed under seal pursuant to a court order authorizing the sealing of the

10   specific Protected Material. If a Party's request to file Protected Material under seal

11   is denied by the court, then the Receiving Party may file the information in the

12   public record unless otherwise instructed by the court.

13       14.   <u>FINAL DISPOSITION</u>

14       After the final disposition of any of the Consolidated Actions, as defined in

15   Section 4, within 60 days of a written request by the Designating Party, each

16   Receiving Party in the terminated action must return all Protected Material to the

17   Producing Party or destroy such material. As used in this subdivision, "all Protected

18   Material" includes all copies, abstracts, compilations, summaries, and any other

19   format reproducing or capturing any of the Protected Material. Whether the

20   Protected Material is returned or destroyed, the Receiving Party must submit a

21   written certification to the Producing Party (and, if not the same person or entity, to

22   the Designating Party) by the 60-day deadline that (1) identifies (by category,

23   where appropriate) all the Protected Material that was returned or destroyed and (2)

24   affirms that the Receiving Party has not retained any copies, abstracts,

25   compilations, summaries or any other format reproducing or capturing any of the

26   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

27   archival copy of all pleadings, motion papers, trial, deposition, and hearing

28   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

- 21 -

1    reports, attorney work product, and consultant and expert work product, even if

2    such materials contain Protected Material. Any such archival copies that contain or

3    constitute Protected Material remain subject to this Protective Order.

4         15.    <u>VIOLATION</u>

5         Any violation of this Order may entitle any Party to secure any relief as the

6    Court deems just and appropriate.

7

8        **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10    Dated: _6/20/19_

11                              Honorable Charles F. Eick

12                          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Amended Protective Order that was issued by the United States District

Court for the Central District of California on _____ [date] in the

case of *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC dba XPO Logistics, et al.*, 2:18-cv-03736-SJO-E, and the cases consolidated therewith (the "Consolidated Actions").

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Amended Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Amended Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Amended Protective Order, even if such enforcement proceedings occur after termination of the Consolidated Actions.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____