UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [DE 515]

## I.  INTRODUCTION

On December 13, 2019, Angel Omar Alvarez, Alberto Rivera, Fernando Ramirez, Juan Romero, and Jose Paz (collectively, "Plaintiffs") filed a fourth amended class action complaint ("FAC") against XPO LOGISTICS CARTAGE, LLC, XPO CARTAGE, INC., XPO LOGISTICS, INC., XPO LOGISTICS, LLC, XPO INTERMODAL SOLUTIONS, INC., XPO INTERMODAL SERVICES, LLC (collectively dba as XPO LOGISTICS ("XPO," or "Defendants")), and Jeffrey Trauner.[1]

Plaintiffs' FAC alleges violations of the California Labor Code and California Business and Professional Code including: (1) failure to pay minimum wage; (2) failure to pay wages for missed meal periods; (3) failure to pay wages for missed rest periods; (4) failure to reimburse business expenses; (5) failure to provide accurate, itemized wage statements; (6) waiting time penalties; (7) unfair competition; and (8) civil penalties under Private Attorney General Act ("PAGA") arising from willful misclassification.

The Court has consolidated the following subsequently filed cases with this one: Case No. 2:18-CV-06175-RGK (E), *Jairo Moreno Martinez et al. v. XPO Logistics Cartage, LLC et al.*, and 2:18-CV-09144-RGK (E), *Edgar Mendoza v. XPO Logistics Cartage, LLC et al.*

On September 16, 2020, the Court certified a class of:

---

[1]   Plaintiffs' claims against Jeffrey Trauner were subsequently dismissed with prejudice. (*See* ECF No. 308).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

former and current drivers who: (1) signed an [Independent Contractor Operating Contract] with XPO in California that is or was operative from April 30, 2016 through the date of notice to the class; (2) actually drove the truck that he or she leased or owned to perform work for XPO in California at any time from April 30, 2016 to the notice of the class; and (3) were classified by Defendants as independent contractors instead of employees.

(Order Re: Pls.' Renewed Mot. Cert. Class at 4, 15, ECF No. 291).[2] The class contains 561 members.

Presently before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ("Motion") (ECF No. 515). For the following reasons, the Court **GRANTS** Plaitniffs' Motion.

## II. BACKGROUND

A recitation of the facts alleged in Plaintiffs' FAC is set forth in the Court's Order of September 16, 2020. ("Order") (ECF No. 291). Any additional facts necessary to the resolution of this motion are set forth in the discussion section below.

## III. JUDICIAL STANDARD

Federal Rules of Civil Procedure ("Rule") 23 requires that class action settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the proposed settlement is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(a), (e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988). Here, the Court has already certified a class, and therefore need only consider the second prerequisite.

At the preliminary approval stage, the Court must evaluate whether the proposed settlement's terms "are within a range of possible judicial approval." *See Spann v. J.C. Penney Corporation*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal citations omitted). Thus, before preliminary approval, the Court must first determine whether the proposed settlement appears "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1020. Towards this end, the Ninth Circuit has provided a non-exhaustive list of fairness factors for district courts to analyze, but the weight given to each factor varies based on the unique circumstances in each case. *Officers for Justice v. Civil Service Com'n of City*

---

[2] The Court did not certify the class as to Plaintiffs' claims for reimbursement of truck maintenance expenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

*and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.* Second, the court must consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

**IV.   DISCUSSION**

The parties to this suit have reached a settlement agreement, (Declaration of C. Joe Sayas, Ex. 1, ECF No. 515-3) ("the Settlement Agreement"), that Plaintiffs now submit to the Court for approval. Under the Settlement Agreement, all Class members would release XPO of liability for:

> all claims, actions, causes of action, administrative claims, demands, debts, damages, penalties, costs, interest, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, which: (i) are owned or held by Plaintiffs and Class Members and/or by their Related Entities (if any), or any of them, as against Releasees, or any of them; (ii) arise under any statutory or common law claim which was asserted in either the Operative Complaint, or in any of the prior complaints in the Lawsuit or, whether or not asserted, could have been brought arising out of or based on the allegations of misclassification of Plaintiffs and Class Members as independent contractors set forth in the Operative Complaint, and (iii) pertain to any time in the Release Period.

(Settlement Agreement at 3). In consideration for this broad release, XPO agrees to pay $20 million, to be allocated as follows: (i) payment of $112,500 to the state of California to satisfy Plaintiffs' PAGA claims (comprising 75% of the $150,000 in settlement of PAGA under the Settlement, with the remaining 25% to be paid directly to Class Members); (ii) Service Awards to the 9 Plaintiffs in the aggregate amount of $190,000; (iii) Service Awards to 10 active class members in the aggregate amount of $20,000; (iv) Class Counsel's attorneys' fees not to exceed 1/3 of the Class Settlement Fund (i.e., $6,666,666.00); (v) Class Counsel's litigation costs not to exceed $600,000; (vi) settlement administration costs not to exceed $50,000, (Motion at 7, n.2); and the remaining fund of roughly $12.3 million to be distributed to the Class Members on a *pro rata* basis, (*see id.* at 7–8).

XPO does not oppose Plaintiffs' Motion. Thus, having already certified Plaintiffs' class under Rule 23(a) and 23(b), the Court must now determine whether the settlement meets the requirements of Rule 23(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

### A.  The Settlement Agreement

For preliminary approval of a class settlement, the Court determines whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:

(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); see *Officers for Justice*, 688 F.2d at 625 (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

The Court first addresses any potential conflicts of interest or evidence of collusion, then turns to the settlement agreement and notice.

#### 1.  *Collusion*

The Court addresses whether there is any evidence of collusion or conflicts of interest. Plaintiffs assert the settlement is the product of arms-length, non-collusive negotiations using the assistance of a mediator, and warrants a presumption of fairness.

Relevant factors in evaluating a settlement for evidence of collusion include: (1) whether counsel receives "a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," (2) if there is a "clear sailing" agreement "providing for the payment of attorneys' fees separate and apart from class funds, which carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class,'" and (3) if "the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* at 947 (internal citations omitted).

None of the above factors are seriously implicated in the present case. Aside from awarding one-third of the settlement amount in attorneys' fees, which the court addresses later, there is no apparent evidence that is indicative of collusion. The settlement was the result of extensive negotiations against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

the backdrop of completed discovery and contentious litigation through the eve of trial. The negotiations included two full-day mediations before the Honorable Jay Gandhi (Ret.). Moreover, under the agreement, the class receives a significant sum, there is no "clear sailing" arrangement, and any all funds will be paid out to the class on a *pro rata* basis—no part of the settlement fund will revert to XPO. (Motion at 7).

### a. Effects of Continuing Litigation

The first factor the Court analyzes in assessing the settlement is the potential risk to Plaintiffs and the putative class if the litigation were to continue.

Plaintiffs assert that "[t]he risk, expense, complexity, and likely duration of further litigation are very significant." (Motion at 16). The Court agrees. XPO raised various arguments in its motion for summary judgment (ECF No. 410-2) and various motions in *limine* that posed a risk to Plaintiffs' chances for success. While the Court declines to opine on the relative strengths of the parties' arguments at this stage in the case, the Court notes that XPO raised colorable arguments that posed a degree of risk to Plaintiffs' potential for success. Accordingly, the Court finds that the uncertainty of class-wide recovery, coupled with the delay and expense of continued proceedings in a case that has already endured three years of litigation and would likely result in a drawn-out appeals process, counsels that a settlement best mitigates the risk and ensures recovery to the class.

This factor therefore favors a finding that the settlement agreement is fair, adequate, and reasonable.

### b. Amount Offered and Allocation of Class Member Settlement Shares

The proposed settlement totals $20 million. Of this amount, approximately $12.3 million is allocated to the class members, who will receive payments on a *pro rata* basis, depending on how many work weeks they completed at XPO. A sum of $112,500 is allocated to the state of California to satisfy Plaintiffs' PAGA claims; $190,000 is allocated as Service Awards to the 9 Plaintiffs; $20,000 is allocated as Service Awards to 10 active class members; one-third of the Class Settlement Fund (i.e., $6,666,666.00) is allocated as Class Counsel's attorneys' fees; $600,000 is allocated for Class Counsel's litigation costs; and $50,000 is allocated for settlement administration costs.

Plaintiffs aver "[t]he Settlement has substantial value and provides substantial economic benefits to the Class." (Motion at 16). The Court agrees. Despite the fact that the settlement amount of $20 million is only 40–50% of what the class expected to obtain following a successful trial and judgment, (*id.* at 12), the Court agrees that a settlement of $20 million appears reasonable and adequate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

"Cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice,* 688 F.2d at 628. Even if a higher award per Class Member was possible, "the very essence of a settlement is compromise." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). Here, though the settlement amount is only 40–50% of the amount of damages sought, the Court finds the amount reasonable and adequate, particularly in light of the risks to the Plaintiffs' chances of class-wide recover posed by continuing litigation.

        c.   *Attorneys' Fees*

The parties have agreed to grant class counsel fees of up to one-third of the settlement amount, or up to $6,666,666.00, plus costs of up to $600,000. Even where parties have agreed to an amount for attorneys' fees, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *Bluetooth*, 654 F.3d at 941. Although there are two methods to determine attorneys' fees in common fund cases—namely, the lodestar approach and the percentage approach— "the main inquiry is whether the end result is reasonable." *Cox v. Clarus Mktg. Grp.*, 291 F.R.D. 473, 482 (S.D. Cal. 2013) (citing *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000)).

Under the lodestar approach, attorneys are awarded an amount calculated by multiplying the hours reasonably expended on litigation by a reasonable hourly rate. *Bluetooth*, 654 F.3d at 941. The percentage method, however, rewards fees as a percentage of the common fund recovered for the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *Bluetooth*, 654 F.3d at 942. However, "[t]he district court may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming district court's award of one-third the settlement fund, finding the award was not an abuse of discretion given the "complexity of issues and risks" and class benefits beyond the monetary settlement alone).

Here, although a one-third fee award is markedly higher than the ordinary 25% benchmark, given the years of litigation in this case the Court is not convinced at this point that such an award cannot potentially be justified. The parties will have the opportunity to fully develop their justification for such an award through a motion for attorney's fees at the final approval stage.

For the purposes of this motion, the Court finds that class counsel's request of fees is reasonable, and that it falls within a range of possible approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

       *d.  Class Representative Awards*

    The nine named Plaintiffs request the following representative awards: "(i) Angel Omar Alvarez, $30,000; (ii) Alberto Rivera, $30,000; (iii) Fernando Ramirez, $30,000; (iv) Juan Romero, $30,000; (v) Jose Paz, $30,000; (vi) Jairo Moreno Martinez, $10,000; (vii) Jesus Carreon, $10,000; (viii) Rodolpho Moreno, $10,000; and (ix) Edgar Mendoza, $10,000." (Motion at 9). Class representative incentive awards are "fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). As long as (1) Plaintiffs and class counsel do not "have any conflicts of interest with other class members" and (2) Plaintiffs will "prosecute the action vigorously on behalf of the class," there is no "fundamental conflict . . . that would prevent settlement class certification." *Id.*

    A district court may look to the following factors in determining the reasonableness of an incentive reward: "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (internal citation omitted).

    Here, Plaintiffs assert that representative awards are appropriate because the named Plaintiffs acted in service to the class, and that Alvarez, Rivera, Ramirez, Romero, and Paz deserve higher awards due to "the heightened risks of having to vigorously defend themselves against XPO's Counterclaims, which sought recovery of millions of dollars in fees and costs against them for having filed this action and serving as class representatives." (Motion at 9). Plaintiffs also request that service awards of $2,000 be granted to ten active class members "for the extraordinary time, effort and risks they incurred in actively assisting in the prosecution of this class action[.]" (Motion at 9).[3] Given the time already expended—this case is more than three years old—, the risk of continued litigation, the risks faced by Alvarez, Rivera, Ramirez, Romero and Paz in defending XPO's counterclaims, and the favorable settlement award, the Court agrees that awarding an incentive payment to the class representatives and active class members is reasonable under the circumstances. The Court therefore conditionally approves Plaintiffs' proposed awards.

    Final approval of any awards will be subject to an evaluation of the factors identified above; Plaintiffs must provide detailed declarations that justify any award sought. Because the proposed award

---

[3]    The class members are: (i) Ruben Aldrete; (ii) Ricardo Mendoza; (iii) Juan Vazquez; (iv) Napoleon Gaitan; (v) Jose Lomeli; (vi) Adolfo Avalos; (vii) Jose Luis Ugalde; (viii) Manuel Aguilar; (ix) Jorge Serrano; and (x) Jack Valdivia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

falls within a range of possible approval, the Court at this stage will allow it to move forward pending final approval.

  *e. Scope of Release*

The Settlement Agreement requires that all Class Members release XPO of liability for any claims that "arise under any statutory or common law claim which was asserted in either the Operative Complaint, or in any of the prior complaints in the Lawsuit or" that "could have been brought arising out of or based on the allegations of misclassification of Plaintiffs and Class Members as independent contractors set forth in the Operative Complaint, and [] pertain to any time in the Release Period." (Settlement Agreement at 3). "A settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the action,' but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (citations omitted). A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See id.*

Here, the released claims are limited solely to any claims alleged in the various complaints filed by Plaintiffs in this case, and any claims arising out of or related to the allegations of misclassification of Named Plaintiffs and Class Members as independent contractors set forth in the Operative Complaint. Thus, the scope of the release provided in the settlement fits squarely within the parameters established by the Ninth Circuit.

After reviewing the parties' submitted materials, and acknowledging that to date, Plaintiffs have not notified the Court of any objections to the Settlement Agreement, the Court finds that the proposed class settlement is fair, adequate, and reasonable.[4]

  **B.   The Proposed Notice**

Having found the proposed settlement is fair and reasonable, "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed R. Civ. P. 23(e)(1). Further, for a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be

---

[4] The Court notes that putative Class Members Osman R. Garcia, Luis Humberto Montalvo, Mariano A. Saravia, Armando Henriquez, Luis Meza, and Vicente Renderos have opted out of the Settlement Agreement. (*See* ECF No. 257). Accordingly, they will not be bound by the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK (E) | Date | October 8, 2021 |
|---|---|---|---|
| Title | *Angel Omar Alvarez et al v. XPO Logistics Cartage, LLC et al* | | |

reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1138, 1352 (9th Cir. 1980)).

The Court finds the proposed notice sufficiently informs the class members of (1) the nature of the litigation and the certified class; (2) the terms of the Settlement Agreement; (3) the monetary amounts that the Settlement will provide class members; (4) and the consequences of taking or foregoing the various options available to class members.

Plaintiffs propose that their preferred settlement administrator, CPT Group, will mail the notice to class members via first class mail, (Settlement Agreement at 11), and "will perform all work associated with administering the settlement procedures described in the parties' Settlement, including providing notices, handling questions on settlement amounts, and distributing settlement payments." (Motion at 20). The Court has no objection to this method of notice. However, the proposed notice does not yet contain dates for: (1) the deadline for requesting exclusion from the Settlement; (2) the deadline for objecting to the Settlement; and (3) the date of the Final Approval Hearing. Accordingly, the Court hereby sets the following dates:

- Date by which the notice must be postmarked:  October 18, 2021
- Deadline by which any objections and requests for exclusion must be postmarked:  December 6, 2021
- Date of Final Approval Hearing:  December 18, 2021 at 9:00 a.m.

With the addition of the dates provided immediately above, the Court finds that the proposed notice and method of delivery is sufficient, and approves the notice.

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion, preliminarily approves the Class Action Settlement Agreement, and approves Plaintiffs' proposed notice.

**IT IS SO ORDERED.**

:

Initials of Preparer