UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motions for Attorneys' Fees, Costs, and Incentive Awards [DEs 533, 540, 542]

## I.   INTRODUCTION

On December 13, 2019, Angel Omar Alvarez, Alberto Rivera, Fernando Ramirez, Juan Romero, and Jose Paz (collectively, the "*Alvarez* Plaintiffs") filed a fourth amended class action complaint ("FAC") against XPO Logistics Cartage, LLC, XPO Cartage, Inc., XPO Logistics, Inc., XPO Logistics, LLC, XPO Intermodal Solutions, Inc., and XPO Intermodal Services, LLC (collectively, "XPO" or "Defendants").[1] Plaintiffs allege various violations of the California Labor Code and California Business and Professions Code. The Court consolidated the following subsequently filed cases with this one: *Jairo Moreno Martinez, et al. v. XPO Logistics Cartage, LLC, et al.*, Case No. 2:18-CV-06175-RGK (E), and *Edgar Mendoza v. XPO Logistics Cartage, LLC, et al.*, Case No. 2:18-CV-09144-RGK (E).

On September 15, 2020, the Court certified a class of 561 former and current drivers who were allegedly misclassified as independent contractors instead of employees. (*See* ECF No. 291.) After reaching a settlement on August 20, 2021, the parties moved for preliminary approval of the class action settlement, which the Court granted. (ECF Nos. 515, 524.) The Court granted final approval on January 10, 2022. (*See* ECF No. 574.) At the final approval hearing, the Court informed the parties that it would take any matters argued in pending motions for attorneys' fees under submission.

Presently before the Court are three Motions for Attorneys' Fees, Costs, and Incentive Awards filed by: (1) *Alvarez* Plaintiffs; (2) Jairo Moreno Martinez, Jesus Carreon, and Rodolpho Moreno (the

---

[1] *Alvarez* Plaintiffs also alleged claims against Jeffrey Trauner. Their claims against him were subsequently dismissed with prejudice. (*See* ECF No. 308.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

"*Martinez* Plaintiffs"); and (3) Edgar Mendoza ("Mendoza"). (ECF Nos. 533, 540, 542.) For the reasons below, the Motions are **GRANTED** *in part* and **DENIED** *in part*.

## II. FACTUAL BACKGROUND

The facts relating to Defendants' alleged misconduct are set forth in the Court's Order of September 16, 2020. (*See* ECF No. 291.) The additional facts necessary to the resolution of the Motions at issue are set forth below.

After a lengthy litigation, the parties executed a settlement (the "Settlement Agreement") on August 20, 2021. The relevant portions of the Settlement Agreement provide that Defendants will make a non-reversionary payment of $20,000,000. Each participating class member may make a claim for payment from that fund and will be paid according to the weeks they worked and were allegedly underpaid. (Mot. for Settlement Approval, Ex. A at 8–10, ECF No. 515-3.) The Settlement Agreement also provides for the following payments to be allocated from the settlement fund, subject to the Court's approval:

- $30,000 incentive awards to each *Alvarez* Plaintiff;
- $10,000 incentive awards to each *Martinez* Plaintiff and Mendoza;
- $2,000 incentive awards to ten "active class members": Ruben Aldrete, Ricardo Mendoza, Juan Vazquez, Napoleon Gaitan, Jose Lomeli, Adolfo Avalos, Jose Luis Ugalde, Manuel Aguilar, Jorge Serrano, and Jack Valdivia (together, the "Active Class Members");
- Litigation costs of no more than $600,000.00;
- Attorneys' fees of no more than 33.33% of the settlement fund, or $6,666,660.

## III. JUDICIAL STANDARD

### A. Attorneys' Fees and Litigation Costs

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Courts have an obligation to ensure that the award is reasonable, "considered against the backdrop of the 'American Rule,' which provides that courts generally are without discretion to award attorneys' fees to a prevailing plaintiff . . ." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "The award of attorneys' fees in a class action settlement is often justified by the common fund or statutory fee-shifting exceptions to the American Rule, and sometimes by both." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

Although there are two methods of determining the amount of reasonable attorneys' fees in common fund cases—namely, the lodestar approach and the percentage approach—"the main inquiry is whether the end result is reasonable." *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 482 (S.D. Cal. 2013).

### B. Class Representative Service Awards

Class representative incentive awards are "fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Incentive awards "are intended to compensate class representatives for work done on behalf of the class [and] to make up for financial or reputational risk undertaken in bringing the action . . ." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).

## IV. DISCUSSION

All three motions seek attorneys' fees, costs, and incentive awards. All moving parties agree that 33.33%, or $6,666,660, shared amongst the parties, is the proper award of attorneys' fees. Two of the parties—the *Alvarez* Plaintiffs and the *Martinez* Plaintiffs—have agreed between themselves on how to allocate that award. Mendoza, however, believes that *Alvarez*'s counsel should be disqualified based on a conflict of interest and that Mendoza's counsel, Solomon Gresen ("Gresen"), should receive a $1.5 million allocation of the fee award (approximately 22.5% of the $6,666,660).

The issues presented by the three motions are: (1) whether the Court should disqualify *Alvarez* counsel; (2) the reasonableness and allocation of the requested attorneys' fees; (3) the reasonableness of the requested litigation costs; and (4) the reasonableness of the requested incentive awards. The Court addresses each in turn.

### A. Conflict

The first issue the Court must address is Mendoza's (or, more accurately, his attorney Gresen's) accusations that *Alvarez's* counsel should be disqualified as lead class counsel due to a conflict of interest. Gresen asserts that *Alvarez* counsel has favored his clients to the detriment of the class. He offers as proof: (1) *Alvarez* counsel has requested incentive fees for his named plaintiffs and ten class members he represents; (2) *Alvarez* counsel did not keep Mendoza or Gresen updated as much as Gresen would have liked after the settlement was executed; and (3) *Alvarez* counsel never disclosed that it was representing certain individual class members. (Mendoza's Mot. for Attys' Fees at 2–3, ECF No. 240.) Gresen offers himself as replacement lead class counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

Motions to disqualify class counsel are often tactically motivated, making disqualification a "drastic measure that is generally disfavored and imposed only when absolutely necessary." *Luviano v. Multi Cable, Inc.*, 2016 WL 11220483, at *3 (C.D. Cal. Nov. 14, 2016). As such, the party seeking disqualification "carries a heavy burden and must satisfy a high standard of proof." *Kelly v. Roker*, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012). Class counsel may be disqualified if they represent class members with conflicting interests. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). A typical example of conflicting interests (one on which Mendoza relies heavily in his brief) is the situation described in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)—where lead counsel purports to represent two groups of a class at the same time, one of which would benefit more from an immediate lump-sum payout, and one that prefers a long-term payout. *Id.* at 625–28.

Gresen has come nowhere close to satisfying his heavy burden. First and foremost, there is no evidence of conflicting interests here, because every class member has the same interest—recovering money that Defendants did not pay them. The amount of money to be paid to each respective class member is determined by an independent settlement administrator, who bases his decision based on the "Class Member's number of Workweeks." (Mot. for Settlement Approval, Ex. A at 9–10, ECF No. 515-3.) In other words, recovery is based on weeks worked, not who represents whom. To drive the point home, fifteen of the twenty largest settlement shares have been awarded to class members not represented by *Alvarez* counsel. (See *Alvarez* Pls.' Opp'n to Mendoza's Mot. Attys' Fees, Sayas Decl. ¶¶ 7–8, ECF No. 561-1.) Finally, despite Gresen's accusations otherwise, the fact that *Alvarez* counsel represented certain individual class members was repeatedly disclosed publicly. (See, e.g., *Alvarez* Pls.' Reply ISO Renewed Mot. to Certify Class, Sayas Decl. ¶ 2, ECF No. 270-1.)

Unable to establish a conflict of interest based on the class recovery, Gresen focuses inordinately on the fact that *Alvarez* counsel has requested incentive awards for the *Alvarez* Plaintiffs and for ten of the sixty-seven Active Class Members he represents.[2] Putting aside that Gresen requested incentive fees for his own client, this argument is not to be taken seriously. The Ninth Circuit has long authorized reasonable incentive awards for class representatives. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ("[N]amed plaintiffs . . . are eligible for reasonable incentive payments . . . [and] class members can certainly be repaid" for "identifiable services rendered to the class directly under the supervision of class counsel."); *see also Romero v. Prods. Dairy Foods, Inc.*, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (granting incentive award for named plaintiff as well as for class members who contributed to discovery). The Court also notes that Gresen took no issue with the incentive awards—which are contemplated in the settlement agreement—when he submitted a declaration in support of preliminary approval: "I can opine without any hesitation or uncertainty that the Class Action

---

[2] The substance of the incentive award requests is analyzed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

Settlement is in the best interests of Class Members in light of all known facts and circumstances." (Gresen Decl. ISO Mot. for Preliminary Approval ¶ 7, ECF No. 518.) Now that there is a dispute as to allocation of fees, Gresen has had a change of heart.

It appears to the Court that Gresen's attempts to disqualify *Alvarez* counsel are nothing more than an unsubtle, poorly considered tactic to resolve a fee dispute—conduct that is wholly inappropriate. The Court finds Gresen's accusations meritless and denies his request to disqualify *Alvarez* counsel.

### B.   Attorneys' Fees

All attorneys move the Court to approve an attorney fee award that is 33.33% of the overall settlement fund, or $6,666,660. However, there is a dispute as to the proper allocation of the award. *Martinez* and *Alvarez* Plaintiffs have agreed to an allocation but have been unable to come to an agreement with Mendoza, who requests $1.5 million. The Court first addresses the reasonableness of the overall fee award request, then addresses the allocation dispute.

#### 1.   *Reasonableness of the Fee Request*

In determining whether the requested attorneys' fee award in a certified class action is reasonable, the court has discretion to use either a lodestar method or the percentage approach. The percentage method awards fees as a percentage of the common fund recovered for the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award," but have discretion to adjust the award up or down depending on the circumstances. *In re Bluetooth*, 654 F.3d at 942. In *Vizcaino*, the Ninth Circuit laid out several factors for courts to consider when analyzing the reasonableness the requested percentage. These factors include: (1) the size of the fund (and thus the resulting size of the percentage fee award); (2) quality of the results obtained by counsel; (3) risk taken on by counsel; (4) incidental or non-monetary benefits conferred by settlement; (5) effort expended by counsel; and (6) counsel's reasonable expectations given the circumstances of the case and fee awards in other cases. *Vizcaino*, 290 F.3d at 1047–50.[3]

The *Vizcaino* factors support a 33.33% award here. First, the size of the settlement fund far surpasses funds in other recent wage-and-hour class actions in this circuit. The fund is $20,000,000, with an average cash payout of $27,878.54 per participating class member. (*See* Pls.' Mot. for Final Settlement Approval, La Russa Decl. ¶¶ 18–20, ECF No. 530-3.) Other courts have awarded 33% of the

---

[3] Because the settlement here is monetary, the Court does not consider the fourth factor in its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

fund in attorneys' fees for less than half of this total recovery. *See, e.g., Singh v. Roadrunner Intermodal Servs., LLC*, 2019 WL 316814, at *5, *9 (E.D. Cal. Jan. 24, 2019) (awarding 33% for settlement of $9.25 million, with an average cash payout of $6,550 per class member). Class counsel also took this case entirely on contingency, facing the risk that they would dedicate years of time to this litigation and not be compensated. (*See Alvarez* Pls.' Mot. for Attys' Fees, Sayas Decl. ¶ 126, ECF No. 533-2.; *Martinez* Pls.' Mot. for Attys' Fees, Osborn Decl. ¶ 32, ECF No. 542-2.) Risk of nonpayment notwithstanding, *Alvarez* counsel dedicated more than 13,000 hours to the case, shouldering the burden on discovery, motion practice, and trial preparation. (*Alvarez* Pls.' Mot. for Attys' Fees, Sayas Decl. 122–23.)[4] *Martinez* counsel added approximately 2,000 hours, contributing to motion practice, reviewing documents, taking and defending depositions, and aiding trial preparation. (*Martinez* Pls.' Mot. for Attys' Fees, Osborn Decl. ¶ 35.) These factors all support a 33.33% award of attorneys' fees.

    2.    <u>Allocation Dispute</u>

An attorney's right to his requested common fund fees is not guaranteed; "[i]t is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' specific services benefitted the fund—whether they tended to create, increase, protect or preserve the fund." *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994) (internal quotes omitted). When determining whether an attorney has earned a percentage of the common fund, "the district court must act with jealous regard to the rights of those who are interested in the fund and must not only avoid awarding 'windfall fees,' but avoid every appearance of having done so." *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1325 (C. D. Cal. 1977). It is the moving party's burden to provide evidence sufficient to justify its request for fees, which should typically take the form of documentation establishing the hours worked in furtherance of the litigation. *See Brown v. 22nd Dist. Ag. Assoc.*, 2017 WL 3131557, at *6 (S.D. Cal. July 24, 2017).

Unlike counsel for the *Alvarez* and *Martinez* Plaintiffs, Mendoza's counsel does not provide the Court with detailed billing records. Instead, he provides only a declaration, much of which is plagiarized from the *Alvarez* Plaintiffs' Motion for Preliminary Settlement Approval. (*Compare Alvarez* Pls.' Mot. for Preliminary Approval at 2–5, ECF No. 515-1, *with* Mendoza's Mot. for Attorneys' Fees, Gresen Decl. ¶¶ 26–33, ECF No. 540-2.) In his declaration, Gresen states that his firm and his referral counsel dedicated almost 2,000 hours to this case over three years, and that based on his hourly rate of $650 per

---

[4] Mendoza filed several objections to the evidence submitted by *Alvarez* counsel in support of its motion. (*See* ECF Nos. 553, 554, 555, 556, 557, 568.) All of his objections cite to the California Evidence Code. The Federal Rules of Evidence govern the admissibility of evidence in this Court. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). The Court therefore declines to consider Mendoza's objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

hour, his expected fee for this case would be $1,184,300. Because Mr. Gresen has failed to submit evidence beyond his declaration indicating how these hours were spent and how this work benefitted the class, the Court finds that his request of approximately 22.5% of the attorney fee award, or $1.5 million, is not supported. However, the Court's docket, along with the billing records provided by other attorneys, indicate that Gresen did perform at least some work on this matter, including participating in discovery, preparing declarations on behalf of his client, reviewing the motions drafted by lead counsel, and participating in preparation for mediation. Because Gresen took Mendoza's case on contingency and did at least a modicum of work to benefit the class, the Court uses its discretion to allocate 10% of the $6,666,660 fee award to Mendoza.[5]

The remaining 90% of the fee award is allocated to the *Alvarez* and *Martinez* Plaintiffs, to be shared amongst their counsel according to their agreement.

    C.    **Costs**

        1.    *Alvarez and Martinez Plaintiffs' Requested Costs*

Counsel for the *Alvarez* and *Martinez* Plaintiffs seek $386,225.67 and $14,800.16 in reimbursement for costs and litigation expenses, respectively.

Although Federal Rule of Civil Procedure ("Rule") 23(h) allows recovery of nontaxable costs that are authorized by law or the party's agreement, the costs and expenses incurred by counsel are subject to a test of relevance and reasonableness in amount. *In re Bluetooth*, 654 F.3d at 941. The taxation of costs lies within the trial court's discretion. *Vizcaino*, 290 F.3d at 1052. Courts in this Circuit consider the practical and reasonable needs of the party in the context of the litigation and whether those expenses are customarily billed to a fee-paying client. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

The attorneys for *Alvarez* and *Martinez* have submitted a list of costs incurred in this litigation, and seek reimbursement for, *inter alia*, filing fees, mediation fees, copying, online research, travel expenses, and expert fees. These costs are the type that would customarily be billed to fee-paying clients. The Court notes that, although the costs requested by the *Alvarez* Plaintiffs are high, their

---

[5] The Court is aware of the evidence provided by *Alvarez* counsel that Gresen did *nothing* to benefit the class in this case. As indicated above, the docket and *Alvarez* counsel's own billing records belie this argument. The significant reduction in Gresen's requested fees takes his apparent relative lack of participation in the case into account, and credits *Alvarez* and *Martinez* counsel with 90% of the work done on behalf of the class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

counsel took the lead on discovery, motion practice, trial preparation, and expert retention. Viewed in this light, the costs appear reasonable.

Therefore, the reimbursement of costs to *Alvarez* and *Martinez* counsel is appropriate, and the Court awards costs of $386, 225.67 to *Alvarez* Plaintiffs and $14,800.16 to *Martinez* Plaintiffs.

   2.   *Mendoza's Requested Costs*

Mendoza requests $12,362 in costs. Mendoza's counsel again fails to provide evidence (or even a breakdown) of his requested costs, other than to note that he paid for 25% of the mediation that led to settlement. Without more, the Court has nothing upon which to make a reasonableness determination. Mendoza has not carried his burden to produce evidence, and his request is denied. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) (absent "documentation supporting the claimed expenses . . . the Court cannot determine whether the claimed expenses" are reasonable.)[6]

   D.   **Incentive Awards**

In their Motions, Plaintiffs seek the following incentive awards: (1) $30,000 each for the *Alvarez* Plaintiffs; (2) $10,000 each for the *Martinez* Plaintiffs; (3) $10,000 for Mendoza; and (4) $2,000 to ten Active Class Members, each of whom sat for a deposition, provided declarations, and submitted documents to aid with the case.

In certain cases, plaintiffs are "eligible for reasonable incentive payments." *Staton* 327 F.3d at 977. District courts should "scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." *Radcliffe v. Experian Info Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). "If class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Id.* A district court may look to the following factors to determine the reasonableness of a service award: (1) the actions the plaintiff has taken to protect the interest of the class; (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in pursuing the litigation; and (4) the risks to the plaintiff in commencing the litigation. *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). The range of acceptable enhancement payments is discretionary, but courts have determined that a $5,000 payment is "presumptively reasonable." *Burden v. SelectQuote Ins.*

---

[6] While the Court was able to look to the docket and other attorneys' billing records to determine whether Gresen had earned attorneys' fees, these sources give no indication as to Gresen's costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

*Servs.*, 2013 WL 3988771, at *6 (N.D. Cal. Aug. 2, 2013). The Court will address each requested award in turn.

    1.    *$30,000 Awards*

The Court begins with the highest requested award: $30,000 for each of the *Alvarez* Plaintiffs. The request is based on their three-and-a-half-year involvement with the litigation, their contributions to "multiple sets of written discovery," the fact that they sat for depositions, and their continual attendance at meetings with counsel. (*Alvarez* Pls.' Mot. for Attys' Fees at 19.) In all, the *Alvarez* Plaintiffs dedicated more than 120 hours each to prosecution of the case. (*See, e.g., Alvarez* Pls.' Mot. for Attys' Fees, Alvarez Decl. ¶ 17, ECF No. 133-14.) The high value of the requested award also seems to be based in large part on the fact that the *Alvarez* Plaintiffs were the target of Defendants' counterclaims, which "sought recovery of millions of dollars in fees and costs against them for having filed this action." (*Id.*)

While the Court recognizes *Alvarez* Plaintiffs' outsized service to the class, the requested $30,000 goes above and beyond compensation for their service. The Ninth Circuit frowns upon incentive awards of $30,000 or more. *See Boeing*, 327 F.3d at 977. Cases with similar facts have found $15,000 to be more appropriate. *See Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1313–1316 (S.D. Cal. 2017) (awarding $15,000 to named plaintiffs where those plaintiffs dedicated significant time and energy to the lawsuit and were subjected to counterclaims); *La Fleur v. Med. Mgmt. Intern., Inc.*, 2014 WL 2967475, at * 7–8 (C.D. Cal. June 25, 2014) (awarding $15,000 based on the fact that other class members would recover more than named plaintiffs, possible reputational harm from the lawsuit, and the significant aid given to class counsel). Therefore, in recognition of the *Alvarez* Plaintiffs' significant contribution to the case, the Court awards $15,000 to each.

    2.    *$10,000 Awards*

The Court next considers the parties that request $10,000: the three *Martinez* Plaintiffs and Mendoza. *Martinez* Plaintiffs dedicated "dozens and dozens" of hours to the case, while Mendoza is estimated to have dedicated sixty. (*Martinez* Pls.' Mot. for Attys' Fees at 17, ECF No. 542-1; Mendoza's Mot. for Attys' Fees at 8.) They all contributed to discovery, sat for depositions, and faced reputational harm due to the filing of the lawsuit. The Court finds the difference in award between these class representatives and the *Alvarez* Plaintiffs justified due to: (1) the stark difference in hours worked between these representatives and *Alvarez* Plaintiffs; and (2) the fact that these representatives were not the target of Defendant's counterclaims. For these reasons, the Court awards $10,000 to each *Martinez* Plaintiff and to Mendoza.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03736-RGK-E | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Angel Omar Alvarez, et al. v. XPO Logistics Cartage, LLC, et al.* | | |

     3.    <u>$2,000 Awards</u>

Finally, the Court considers the $2,000 requested for the Active Class Members. This request is based primarily on the fact that these ten class members contributed approximately fifteen hours each to the prosecution of the case—they each submitted a declaration, provided documents, and sat for depositions. This evidence helped *Alvarez* counsel support its (ultimately successful) motion for class certification, a result that greatly benefitted the class. (*Alvarez* Pls.' Opp'n to Mendoza's Mot. for Attys' Fees at 7.) In light of their service to the class, the lesser degree of risk borne compared to the named plaintiffs, and the comparatively low amount of hours committed, the Court finds the requested amount reasonable. Accordingly, the Court awards $2,000 to each Active Class Member.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** *in part* and **DENIES** *in part* the motions for attorneys' fees, costs, and incentive awards, and **ORDERS** as follows:

- The Court **AWARDS** attorneys' fees in the amount of 33.33% of the $20,000,000 settlement fund, or $6,666,660. The Court allocates 90% of the award to counsel for *Alvarez* and *Martinez* Plaintiffs, to be divided per their agreement. The Court allocates 10% of the award to Mendoza's counsel.

- The Court **AWARDS** litigation costs of $386,225.67 to *Alvarez* counsel and $14,800.16 to *Martinez* counsel.

- The Court **AWARDS** incentive payments as follows:
    - $15,000 to each *Alvarez* Plaintiff
    - $10,000 to each *Martinez* Plaintiff
    - $10,000 to Mendoza
    - $2,000 to each Active Class Member.

**IT IS SO ORDERED.**

Initials of Preparer